## Leebrick *against* Lyter.

If parties to a contract for the delivery of materials, specify by whom the measurement of them shall be made, such measurement, if it can be obtained, must be resorted to as the evidence to govern the parties; it is error to refer it to a jury to ascertain the quantity of materials delivered from all the evidence given on the subject.

ERROR to the Common Pleas of *Dauphin* county.

Joseph Lyter, for the use of Shammo & Finney, against John P. Leebrick.

This was an action of debt, to recover the price of a quantity of stone furnished under the following contract:

" Memorandum of agreement as follows:—Joseph Lyter, of Halifax, hereby contracts and agrees to deliver to John P. Leebrick, on the bank of the river opposite section 12 of the Wisconisco canal, wherever directed by said Leebrick, a quantity of stone amounting to at least 1000 perches, to be *measured in the wall by the engineer of said canal.* The stone to be taken out of the flat by said Leebrick, as soon as convenient after being brought, and while another load is being brought. The stone to be of such quality as may be used in the wall on said section by said Leebrick. The said Leebrick hereby agrees to pay to said Lyter for said stone, at the rate of 50 cents per perch, as the same may *be measured as aforesaid,* as soon after the estimates are paid to said Leebrick, as he may call for said pay. If no appropriation be made for the continuation of said canal, this contract to cease to be binding after notice given by said Leebrick to said Lyter."

The plaintiff offered to prove by Simon Sallada, who was a superintendent, in the employ of the State, that he had measured the stone delivered under the contract, and that there were 1095 perches. The defendant objected to the evidence, on the ground that he was not the person appointed by the contract to make the measurement; and that a measurement had been made by the engineer. But the court overruled the objection, and sealed a bill of exception.

The defendant called Stafford L. Wager, who testified that he was engineer in the employment of the State, whose business it was to take measurements on this and other sections of the canal, subject to the inspection of the principal engineer; that he had measured the stone delivered in pursuance of this contract in the presence of the parties, and found them to contain 646 perches.

He also said that his measurement was not an official act, but done at the request of the parties.

On this subject the court thus instructed the jury:

" The only question of law arising in the cause, is upon the construction of the article of agreement. The measurement of the stone by the contract was to be made by the engineer upon the line of canal. But no measurement was made by the person designated in the contract. The stone was measured by Wager, who acted as sub-engineer; but he testifies to you that it was not an official act, that he did not make it under the direction of the principal engineer, or by his authority, but at the request of the parties, or of the plaintiff. It seems that Mr Sallada, who was acquainted with engineering, or by profession an engineer, also made a measurement of the stone. Neither of these persons was the individual designated in the contract, to do the work, and the measurement of neither is binding upon the rights of the parties, but it is all open for the decision of the jury under the evidence. Either party could have had the engineer measure the stone, who had the charge of the line of canal; as he has not done it, the jury must determine from the proof before us how many perches of stone were delivered by Lyter to the defendant on the contract. For them the plaintiff is entitled to recover 50 cents per perch, if not already paid for, provided the defendant has received his pay from the State, although the principal engineer has not made the measurement of the stone: the amount of stone delivered you may decide from the evidence before us. You will first inquire what amount of stone was delivered."

*Fisher*, for plaintiff in error, argued that parties had a right not only to provide by their contract for the delivery of the materials, but for the evidence by which the performance of that contract was to be ascertained. 1 *Serg. & Rawle* 305. The court, therefore, erred in submitting this as an open question of fact to be determined by other evidence than that which the parties stipulated for their government.

*Herman Alricks*, for the defendant in error, argued, that inasmuch as no measurement had ever been made by the person specified in the contract, it was no reason why the court should not entertain jurisdiction to ascertain the fact by the best evidence in their power. Wager was but a sub-engineer, and made his measurements subject to the inspection of the principal.

Per Curiam.—There is error only in the charge. By the terms of the contract, the quantity of stone delivered was to be ascertained by " the engineer of said canal." But there were three; a principal engineer, a principal assistant, and a sub-assistant. So that we have the common case of a latent ambiguity, and it was

[Leebrick v. Lyter.]

for the jury to determine from the evidence which of them was meant. Perhaps, as the business of official measurement for payment of the estimates was within the province of the sub-assistant, the parties had him in view, being content to commit the measurement, in their private matter, to him who was intrusted with its measurement by the government. Still, that is no more than a consideration for a jury. It is very certain, however, that Sallada was not the person to whom the measurement was referred; for he was not the engineer in any sense of the contract, and his work could be resorted to only in case the work of the person designated in the contract could not be had. If the latter were dead, or unwilling to act, evidence *aliunde* might be received to prevent a failure of justice. But that might or might not be the case here; and the cause ought to have been put with that instruction to the jury.

Judgment reversed, and *venire de novo* awarded.